UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                              :

JASON WARE,                                  :

                      Petitioner,         :        04 Civ. 6784 (PAC) (FM)
                                              :        OPINION & ORDER

       - against -                     :

                                              :

Gary Filion, Superintendent,                 :
Coxsackie Correctional Facility,          :

                      Respondent.      :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Jason Ware ("Ware") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his March 2000 conviction and sentence, following a jury trial, for Manslaughter in the First Degree and Criminal Possession of a Weapon in the Third Degree. Ware asserts four claims for relief from his conviction: (1) that the prosecutor violated the Equal Protection Clause of the Fourteenth Amendment by challenging a prospective juror on the basis of her race; (2) the trial court violated his Fourteenth Amendment right to due process by failing to submit to the jury the charge of Manslaughter in the Second Degree as a lesser-included offense; (3) the prosecutor's summation misrepresented the legal standard for self-defense so as to deprive him of a constitutionally fair trial; and (4) the sentence imposed was unduly harsh and excessive.

       This case was referred to United States Magistrate Judge Frank Maas, who issued his Report and Recommendation ("R&R") on September 26, 2006, recommending the denial of Ware's petition. On December 11, 2006, Ware timely filed objections limited primarily to Magistrate Judge Maas's determination that the prosecutor's peremptory challenge did not constitute an equal protection violation under Batson v. Kentucky, 476 U.S. 79 (1986). Ware stated in a footnote that

"Petitioner's Objections specifically addresses the Batson claim.  However, Petitioner maintains that the remaining claims can be reached by the Court." Objections to Magistrate Judge Frank Maas' Report and Recommendation ("Objections"), 1 n. 1.  The Court interprets this as an objection to Magistrate Judge Maas's determination that Ware's non-Batson claims were barred as unexhausted and procedurally defaulted.  The Court agrees with Magistrate Judge Maas's recommendation, and denies Ware's petition.

**DISCUSSION**

**I. Consideration of a Report and Recommendation**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  When a timely objection has been made to the magistrate's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F.Supp. 815, 817 (S.D.N.Y. 1991).  The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F.Supp.2d 157, 159 (S.D.N.Y. 2000).

**II. Recommendations Lacking Objection**

The Court finds no error in those portions of the R&R to which Ware has not objected, other than in his footnote, which the Court finds is not adequate as an objection.  Accordingly, the Court therefore accepts and adopts as its own the following findings, as explained more fully in the R&R:

(1)  The trial court's failure, in a non-capital case, to charge the jury with a lesser included offense did not violate clearly established federal law;

(2) The prosecutor's summation was not sufficiently prejudicial to Ware to violate his constitutional rights; and

(3) Ware's sentence was within the applicable statutory range, and therefore not so harsh as to violate his rights.[1]

**III. The Batson Claim**

**A. Relevant Facts[2]**

During the first round of jury selection at Ware's trial, the prosecutor exercised peremptory challenges against six prospective white jurors and one prospective black female juror. During the second round, the prosecutor struck two prospective white jurors and two prospective black female jurors. In light of these strikes, Ware's counsel asserted a Batson claim, prompting the trial judge, Justice Wetzel, to inquire as to the prosecutor's motives. With regard to one of the three challenged black female jurors, Pearl Rogers ("Rogers"), the prosecutor explained the basis of his decision to challenge as follows:

> [S]he was raising her grandchildren and that tells me that her children are not raising her grandchildren and that disturbed me and that indicated that her own children aren't working out so well and I didn't want her on the jury for that reason.

R&R at 6. Ware's counsel argued that this explanation was merely a pretext for racial discrimination because the prosecutor failed to inquire further about Rogers' children. The court rejected this argument, finding the prosecutor's motive race-neutral on its face, and noting that the majority of the prosecutor's strikes were exercised against prospective white jurors.

---

[1] The Court's adoption of these recommendations rejecting Ware's claims on the merits renders it unnecessary to address whether Plaintiff exhausted his state remedies as to these claims, and whether the claims were defaulted under New York's procedural rules. The ruling on the merits is an acceptable alternative basis for denial of the habeas petition as to those claims, even if they would otherwise be barred on grounds of procedural default or exhaustion. See 28 U.S.C. § 2254(b)(2) (permitting denial of habeas petition on the merits despite failure to exhaust state remedies).

[2] In light of Ware's failure to object to the facts as determined by Magistrate Judge Maas, the following facts are drawn from the R&R.

**B. Habeas Corpus Standard of Review**

A writ of habeas corpus may be granted, inter alia, where a state court decision on a petitioner's claim "involved an unreasonable application[] of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). There is no question that the Batson claim here involves clearly established federal law. On habeas review, the factual findings of the state court are presumed correct; the petitioner has the burden of rebutting the presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**C. The Batson Standard**

Batson and its progeny establish a three-step analysis to determine whether a peremptory challenge violates the Equal Protection Clause. First, the defendant must make a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race. Batson, 476 U.S. at 96-97. If that showing is made, the burden shifts to the prosecutor to present a comprehensible, race-neutral explanation for striking the juror in question. Id. at 97-98. This burden is minimal; the explanation need not be "persuasive, or even plausible," as long as it is not inherently discriminatory. Purkett v. Elem, 514 U.S. 765, 767-768 (1995) (per curiam). Finally, if the prosecutor provides an explanation, the court must determine whether the defendant has proven purposeful discrimination. Id. at 98. "[T]he persuasiveness of the justification" proffered by the prosecutor is naturally relevant, though "the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." Purkett, 514 U.S. at 768.

Where the prosecutor proffered an explanation for the peremptory challenge and the trial court ruled made a ruling on the prosecutor's racial motivation, the reviewing court does not rule

4

on the sufficiency of the petitioner's prima facie showing. See Hernandez v. New York, 500 U.S. 352, 359 (1991).  The only issues on appeal or habeas review are whether the prosecutor's proffered explanation was facially race-neutral and whether the trial court's ruling as to racial motivation was correct.  "The trial court's decision on the ultimate question of discriminatory intent represents a finding of fact" and, on habeas review, falls within the presumption of correctness given to state court factual findings. Id. at 364-366.

### D. The Trial Court's Application of Batson

The trial court's decision to permit the peremptory challenge of Rogers was not an unreasonable application of the Batson standard.  As to the second step under Batson, the prosecutor's explanation was facially non-discriminatory.  Ware argues that it is common knowledge that African-American grandmothers frequently care for their grandchildren, and that therefore such care is an inherently discriminatory basis to strike a prospective juror.  This argument does not show that raising one's grandchildren is a mere proxy for race, however; at best it shows that the prosecutor's grounds for striking Rogers would have a disparate impact on prospective black female jurors.  Disparate impact is a factor in the ultimate analysis of discriminatory intent, but it does not render an explanation facially discriminatory. Id. at 362.

The trial court's decision that Ware failed to prove discriminatory intent by the prosecutor is presumed correct, and Ware has not presented clear and convincing evidence to the contrary as required under 28 U.S.C. § 2254.  In fact, strong objective evidence exists to support the trial court's finding.  In the first two rounds of jury selection, the prosecutor struck only three of five prospective black jurors compared with eight of nine prospective white jurors, strongly suggesting

that he was not discriminating on the basis of race.[3] Ware relies on the alleged disparate impact of the prosecutor's explanation on black jurors and the prosecutor's failure to inquire further regarding the reasons why Rogers was raising her grandchildren. Viewed in light of the prosecutor's other strikes, this evidence is far from conclusive as to the prosecutor's true intent and "evaluation of the prosecutor's state of mind based on demeanor and credibility lies 'peculiarly within a trial judge's province.'" Id. at 365 (quoting Wainwright v. Witt, 469 U.S. 412, 428 (1985)). Even assuming "[r]easonable minds reviewing the record might disagree about the prosecutor's credibility," that "does not suffice to supersede the trial court's credibility determination" on habeas review. Rice v. Collins, 546 U.S. 333, 340 (2006). The trial court's decision must be upheld, and Ware's Batson claim rejected.

## CONCLUSION

Ware's petition for a writ of habeas corpus is DENIED. As Ware has not made a substantial showing of a denial of a federal right, appellate review is not warranted. 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to close out this case.

Dated:  New York, New York
        June 19, 2007

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[3] While Plaintiff correctly notes that a single race-based peremptory challenge violates the Equal Protection Clause, the overall racial composition of the prosecutor's challenges is obviously relevant to his intent in challenging any given juror.

6

Copies Mailed To:

Honorable Frank Mass
United States Magistrate Judge

Jason Ware
00-A-2018
Mercy Correctional Facility
P.O. Box 3600
Marcy, New York 13403


Sandra Elaine Cavazos, Esq.
New York Attorney General
120 Broadway
New York, New York 10271-0332